# Mitchel Enterprises Corp

2529 E 150 N
Bluffton, IN 46714

Phone: (260) 353-1050

**Invoice**

Invoice Number:
**31769**
Invoice Date:
**Apr 28, 2010**
Page:
**1**

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

574-674-5981

**Ship To:**
*FRT-PoultMl-Wapakoneta,Oh-Osc

| Customer ID | Customer PO | | Payment Terms | |
|---|---|---|---|---|
| UNTDPET23 | LT | | Net 10 Days | |
| Sales Rep ID | Shipping | | Ship Date | Due |
| IN | TRK/MARK | | Apr 19, 2010 | May 8, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 19.74 | FRT | FREIGHT: POULTRY MEAL<br>G. A. WINTZER, Wapokoneta, Oh<br>LD#86284 TKT370072 39,480#<br>to UNITED PET | $16.50 | $325.71 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $68.40 | $68.40 |

*pd 5-13-10*
*# 56316*

O• C.

394•11 ⁰ +
2,713•02 +
500•93 +
3,608•06 *

| Check No: | | | | |
|---|---|---|---|---|
| | | | **Total Invoice Amount** | $394.11 |
| | | | **Payment Received** | 0.00 |
| | | | **TOTAL** | $394.11 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001698

STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE

Shipper's No. _____

Carrier   MITCHEL ENTERPRISES - BLUFFTON, IN · ICAC _____   Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and all applicable state and federal regulations.

at _____, date  4-19-10  from _____

The Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO:<br>Consignee | United Pet | FROM:<br>Shipper | GA Wintzer |
| Street<br>Destination | Elkhart, IN         Zip | Street<br>Origin | Wapakoneta OB        Zip |
| Route | | | |

| Delivering Carrier | | Vehicle<br>Number  706-998 | U.S. DOT Hazmat<br>Reg. Number | |

| Number and Type<br>of Packages | HM | Description of Articles | Total Quantity<br>(dimensionally or count) | Weight<br>(subject to<br>correction) | Class or<br>Rate |
|---|---|---|---|---|---|
| T/L | | Poultry Meal | | 39480 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement.<br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT:<br>$ | COD FEE:<br>Prepaid ☐<br>Collect ☐ $ |
| Address: | | | |
| City:            State:        Zip: | | TOTAL CHARGES:<br>$ | FREIGHT CHARGES:<br>☐ Prepaid   ☐ Collect |

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____   (Signature of Consignor)

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

MITCHEL ENTERPRISES

SHIPPER: _____     CARRIER: _____

PER: _____ DATE: _____     PER: _____ DATE: _____

EMERGENCY RESPONSE<br>TELEPHONE NUMBER:   (      )     Monitored at all times the Hazardous Material is in transportation<br>including storage incidental to transportation (172.604).

10-BLS-A3 469<br>(Rev. 1/07)                    1

UPF001699

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or carrier in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:
   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.
   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.
   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after a delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, using its discretion, to prevent deterioration or further deterioration, but the same to the best advantage of private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of this refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

UPF001700

Phone 419-739-4900 or 800-331-1801

# G. A. WINTZER & SON CO.
WAPAKONETA, OHIO 45895

DELIVERY

Weight Ticket No. 73072

Date 4-16-10

Name United Pet

Driver      ON      (OFF)      Scale

Commodity Poultry Meal

Contract No. _____ P.O. No. _____

Factory Ticket No. 86289

Hauled By Mitchel

Truck/Trailer No. 706-9998

Gross Weighed By _____

Tare Weighed By _____

WEIGHMASTER

WEIGHMASTER

Net 294460 Lb

UPF001701

THIS SHIPPING ORDER must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent

Shipper's No. _____

Carrier _MITCHEL ENTERPRISES - BLUFFTON, IN_ SCAC _____ Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ date _4-19-10_ from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | _United Pet_ | FROM: Shipper | _G.A. Wintzer_ |
| Street Destination | _Elkhart, IN_    Zip | Street Origin | _Wapakoneta, OH_    Zip |
| Route | | | |

| Delivering Carrier | | Vehicle Number _706-998_ | U.S. DOT Hazmat Reg. Number |

| Number and Type of Packages | HM | Description of Articles | Total Quantity (Figures correctly) | Weight (subject to corrections) | Class or Rate |
|---|---|---|---|---|---|
| 1 T/L | | _Poultry Meal_ | 39480 | | |
| | | _[signature]_ | | | |

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: $ | COD FEE: Prepaid ☐ Collect ☐ $ |
| Address: | | | |
| City:     State:     Zip: | | TOTAL CHARGES: $ | FREIGHT CHARGES: ☐ Prepaid ☐ Collect |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $_____ Per _____ | _(Signature of Consignor)_ | | |

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

MITCHEL ENTERPRISES

| SHIPPER: _____ | CARRIER: _____ |
| PER: _____ DATE: _____ | PER: _____ DATE: _____ |

EMERGENCY RESPONSE TELEPHONE NUMBER: ( )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3 489 (Rev. 1/07)

2 ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001702

UPF001703

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been requested in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery of part of export), or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage of private or public sale. Prior to selling the Property the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically stated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability. In or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all of the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

# *Mitchel Enterprises Corp*

*2529 E 150 N*
*Bluffton, IN 46714*
*Phone: (260) 353-1050*

## *Invoice*

**Invoice Number:**
**31688**
Invoice Date:
**Apr 22, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:** 705---OSCEOLA, IN

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | XXX | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/GERRY | Apr 21, 2010 | May 2, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 878.00 | 705 | WHEAT SCREENINGS | $3.09 | $2713.02 |
| | | 52,680# 4/21/10 | | |
| | | BOARD CLOSE $4.80 | | |
| | | PURCHASE PRICE: $1.71 UNDER CBOT | | |
| | | NET PRICE: $3.09 | | |

Check No:

| | |
|---|---|
| *Total Invoice Amount* | $2,713.02 |
| *Payment Received* | 0.00 |
| *TOTAL* | $2,713.02 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

THIS SHIPPING ORDER wash on registry listed on, in Ink, in Indelible Pencil, or in
Carbon, and retained by the Agent

Shipper's No. _____

Carrier __MITCHEL ENTERPRISES - BLUFFTON, IN__ SCAC _____ Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts or contracts have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and all applicable state and federal regulations.

at _____, date __04-16-10__ from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company has agreed to carry to its usual place of delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion at said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO:<br>Consignee | UNITED Pit + CARE | FROM:<br>Shipper | KNAPPER |
| Street<br>Destination | OSCOLA IN    Zip | Street<br>Origin | August N.    Zip |

Route __LAST LOAD__ ___#16+Co/133.__

Delivering Carrier __SCHLEMMER FARMS__   Vehicle Number __104 SF26__   U.S. DOT Hazmat Reg. Number ____

| Number and Type<br>of Packages | HM | Description of Articles | Total Gr. (Wt).<br>(Subject to Correction) | Weight<br>(Subject to Correction) | Class or<br>Rate |
|---|---|---|---|---|---|
| 1 | | WHEAT SCREENINGS | 26.39 | 52,680 | |
| | | | | | |
| | | | | | |

| Remit COD to:<br>Address:<br>City:          State:          Zip: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:<br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br>_____<br>(Signature of Consignor) | COD AMT:<br>$ | COD FEE:<br>Prepaid ☐<br>Collect ☐ $ |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $_____ Per _____ | | TOTAL CHARGES:<br>$ | FREIGHT CHARGES:<br>☐ Prepaid  ☐ Collect |

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Document of Transportation. Per _____

| SHIPPER: _____ | CARRIER: _MITCHEL ENTERPRISES_ __800-525-4202__ |
| PER: _____ DATE: _____ | PER: _____ DATE: _____ |

| EMERGENCY RESPONSE<br>TELEPHONE NUMBER: (    ) | Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604). |

10-BLS-A3 489
(Rev: 1/07)

2 ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001705

## KNAPPEN MILLING COMPANY
### Augusta, Michigan 49012

DATE _____

CUSTOMERS NAME _____

ADDRESS _____

COMMODITY _____

TRAILER NO. _____

P.O. NO. _____

RELEASE NO. _____

LOAD NO. _____

_____

_____

CARRIER _____

WEIGHER _____ TIME IN _____ TIME OUT _____

UPF001706

```
Truck ID    685
Gross Wt:    27800 lb
Tare Weight:    00 lb
Net Weight:  27800 lb

16 Apr 2010 08:01:16
```

UPF001707

(Uniform Domestic Straight Bill of Lading, adopted by Carriers in Official, Sothern and Western Classification territories, March 15, 1922, as ammended August 1, 1930 and June 15, 1941.)

**Short Form STRAIGHT BILL OF LADING**

(Prescribed by the Interstate Commerce Commission)

**Shipper's No.**  13006

**Agent's No.**  _____

## ORIGINAL - NOT NEGOTIABLE

Name of Carrier::  Schlemmer

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading.

AT AUGUSTA, MICH.  **04/15/10**   FROM KNAPPEN MILLING COMPANY

ther property described below, in apparent good order, except as noted (contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, which said company (the word company being understood throughout the contract as meaning any person or corporation in possession of the property under contract) agrees to carry to its usual place of delivery at said destination, if on its own route or its own water line, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, which are hereby agreed to by the shipper and accepted for himself and his assigns.

(Mail or Street Address of Consignee - For Purposes of Notification Only)

Consigned to:  Mitchel Enterprises Corp.                2529 E. 150 N

Destination:  Bluffton, IN  46714

Delivering Carrier:  Schlemmer                Car of Veh. Initial:                No.: _____

| QTY. | UNIT OF MEASURE | DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | WEIGHT |
|---|---|---|---|
|  | Truckload | Wheat Screenings | 52,680 |
|  |  | **To Arrive** |  |
|  |  |  |  |
|  |  | **Contract #:** |  |

Subject to Section 7 of conditions.  If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.6

_____
(Signature of Consignor.)

If charges are to be prepaid, write or stamp here, "To Be Prepaid."

**Customer Pick Up**

This shipment is correctly described

Correct weight is _____ lbs.

Subject to verification by

Merchants Dispatch Transportation Corporation Division of Weighting and Inspections According to Agreement No. 367

Received $_____
to apply in prepayment of the charges on the property described hereon.

_____
Agent or Cashier

Per _____
(The signature here acknowledge only the amount prepaid)

Charges Advanced:

$_____

| PO | Lot# | SEAL |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

*If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."
Note – Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding
_____ per _____

KNAPPEN MILLING COMPANY, Shipper _____ Schlemmer _____ Agent

Per: Judi _____         Per: _____

Permanent post-office address of shipper AUGUSTA, MICHIGAN 49012

|  |
|---|
| C.O.D. SHIPMENT |
| C.O.D. Amt. _____ |
| Collection Fee _____ |
| Total Charges _____ |

UPF001708

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*

*Phone: (260) 353-1050*

## Invoice

Invoice Number:
**31653**
Invoice Date:
**Apr 20, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

574-674-5981

**Ship To:**
*FRT-PoultMl-Wapokoneta,Oh-Oso

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| Sales Rep ID | Shipping | Ship Date | Due |
| IN | TRK/MIKE | Apr 14, 2010 | Apr 30, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 25.09 | FRT | FREIGHT: POULTRY MEAL<br>G. A. WINTZER, Wapokoneta, Oh<br>LD#C86252 TKT#70033 50,180#<br>to UNIED PET | $16.50 | $413.99 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $86.94 | $86.94 |

Check No:

| | |
|---|---|
| **Total Invoice Amount** | $500.93 |
| **Payment Received** | 0.00 |
| **TOTAL** | $500.93 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

# STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE

Shipper's No. _70033_  (5)

Carrier: MITCHEL ENTERPRISES - BLUFFTON, IN    SCAC _____    Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations;

at _____    date _4-14-10_    from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery of said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | United Pet Food | FROM: Shipper | G.A. Wintzer & Son Co |
| Street Destination | Elkhart IN    Zip | Street Origin | Wapakoneta OH    Zip |

Route _____

| Delivering Carrier | Mike Haas Trucking | Vehicle Number | 2 -108 | U.S. DOT Hazmat Reg. Number | |

| Number and Type of Packages | HM | Description of Articles | Total Quantity | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 Tk | | Poultry meal | | 50,180 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | last load - Midds | | | |

| Remit COD to: | | | |
| Address: | | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: $ |
| City: | State: | Zip: | |

COD FEE:
Prepaid ☐
Collect ☐ $

TOTAL CHARGES: $ _____

FREIGHT CHARGES:
☐ Prepaid    ☐ Collect

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

(Signature of Consignor)

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| SHIPPER: | | CARRIER: MITCHEL ENTERPRISES | |
| PER: | DATE: | PER: Mike Haas | DATE: |

EMERGENCY RESPONSE TELEPHONE NUMBER: (    )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3 489
(Rev. 1/07)

1

UPF001710

UPF001711

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided,

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(d) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(e) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all of the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J.J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

UPF001712

Phone 419-789-8900 or 800-331-1801

# G. A. WINTZER & SON CO.

WAPAKONETA, OHIO 45895

**TRUCKER**

Weight Ticket No. 72033

Date _____

Name Un____ Pet

Driver     ON     (OFF)     Scale

Commodity _____

Contract No. _____ P.O. No. _____

Factory Ticket No. _____

Hauled By _____

Truck/Trailer No. 2-108

Gross Weighed By _____

# THIS SHIPPING ORDER
*must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent*

Shipper's No. _70033_

Carrier  MITCHEL ENTERPRISES - BLUFFTON, IN  SCAC _____  Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____  date _9-14-10_  from _____

*The Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.*

| TO:<br>Consignee  _United Pet Food_<br>Street<br>Destination  _Elkhart IN_                Zip | FROM:  _G.A. Wintzer + Son Co_<br>Shipper<br>Street  _Wapakoneta OH_<br>Origin                Zip |
|---|---|

Route

| Delivering Carrier | | Vehicle<br>Number | U.S. DOT Hazmat<br>Reg. Number | |
|---|---|---|---|---|

| Number and Type<br>of Packages | HM | Description of Articles | Total Quantity<br>(by weight or<br>volume) | Weight<br>(Subject to<br>Correction) | Class or<br>Rate |
|---|---|---|---|---|---|
| 1 TL | | Poultry meal | | 50,180 | |
| | | | | | |
| | | | | | |
| | | _Last load Middle_ | | | |

| Remit COD to:<br>Address:<br>City:                State:        Zip: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:<br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br>_____<br>(Signature of Consignor) | COD AMT:<br>$ | COD FEE:<br>Prepaid ☐<br>Collect ☐ $ |
|---|---|---|---|
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $_____ Per _____ | | TOTAL CHARGES:<br>$ | FREIGHT CHARGES:<br>☐ Prepaid   ☐ Collect |

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| SHIPPER: _____ | CARRIER:  MITCHEL ENTERPRISES |
|---|---|
| PER: _____          DATE: _____ | PER: _Mike Hoose_          DATE: _____ |

EMERGENCY RESPONSE
TELEPHONE NUMBER:  (    )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

**2**  ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001713

# Mitchel Enterprises Corp

2529 E 150 N
Bluffton, IN 46714
Phone: (260) 353-1050

*Invoice*

Invoice Number:
**31933**
Invoice Date:
May 7, 2010
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:**
705---

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | xxx | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/AIRGOOD | Apr 30, 2010 | May 17, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 847.67 | 705 | WHEAT SCREENINGS | $3.21 | $2721.02 |
| | | 50,860# 4/30/10 | | |
| | | PRICE BASIS-$1.71 UNDER CBOT | | |
| | | CBOT=$4.92 | | |

pd 5-20-10
# 56340

2,721.02 +
3,593.13 ‡
3223.5

Check No:

| | |
|---|---|
| **Total Invoice Amount** | $2,721.02 |
| **Payment Received** | 0.00 |
| **TOTAL** | $2,721.02 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001714

Carbon, and retained by the Agent.

Shipper's No. __2210__

**Carrier's Name:** Airgood Trucking, Inc.

Carrier's No. _____

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading,

al _____ (Date) __4/30/10__ FROM __Mitchel Enterprise Corp.__

the property described above, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as shown below, which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its own railroad, water line, highway route or route, or within the territory of its highway operations, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

**Consigned TO** __United Pet__

(Mail or street address for purposes of notification only.)

On C.O.D. Delivery Shipments, the letters "COD" must appear before consignee's name or as otherwise provided in Item 430, Sec. 1.

-**Destination** _____ **Street** __Elkhart__ **City**

_____ **County** __Indiana__ **State** _____ **Zip**

**Route** _____

**Delivery Address★** (●To be filled in only when shipper desires and governing tariffs provide for delivery thereof.)

**Delivering Carrier** _____ Car or Vehicle Initials and No. _____

**Collect on Delivery $** _____ **And Remit to** _____

**Street** _____ **City** _____ **State** _____

| No. Packages | H.M. | Kind of Package, Description of Articles, Special Marks, and Exceptions | *Weight (Subject to Correction) | Class or Rate | Check Column |
|---|---|---|---|---|---|
| | | Wheat | 77120 | | |
| | | | 26260 | | |
| | | | 50860 | | |
| | | | | | |
| | | | | | |
| | | | | | |

*If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is carrier's or shipper's weight.
NOTE—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____
(Signature of consignor)

**C. O. D.** Charges to be
. Paid by
☐ Shipper  ☐ Consignee

. If charges are to be prepaid, write or stamp here, "To be Prepaid."

{ _____

Received $ _____ to apply in prepayment of the charges on the property described hereon.

_____
Agent or Cashier

Per _____
(The signature here acknowledges only the amount prepaid.)

Charges Advanced _____

† The fiber containers used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Rule 41 of the Uniform Freight Classification and Rule 5 of the National Motor Freight Classification.

‡Shipper's Imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

__Mitchel Enterprise Corp.__ **Shipper, Per** _____

**Permanent post-office or ess of shipper.** __Bluffton, IN__

☞ **Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.**

2

# Mitchel Enterprises Corp

2529 E 150 N
Bluffton, IN 46714

Phone: (260) 353-1050

**Invoice**

Invoice Number:
**31874**
Invoice Date:
May 5, 2010
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

574-674-5981

**Ship To:**
*FRT-PoultMl-Wapakoneta,Oh-Osc

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| Sales Rep ID | Shipping | Ship Date | Due |
| IN | TRK/JOES | Apr 29, 2010 | May 15, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 25.15 | FRT | FREIGHT: POULTRY MEAL G. A. WINTZER, Wapokoneta, Oh LD#86387 TKT#70669 50,300# to UNITED PET | $16.50 | $414.98 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $87.15 | $87.15 |

Check No:

| | |
|---|---|
| Total Invoice Amount | $502.13 |
| Payment Received | 0.00 |
| TOTAL | $502.13 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001716

STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE          Shipper's No. _____

Carrier  MITCHEL ENTERPRISES - BLUFFTON, IN   SCAC _____   Carrier's No. TR# 509
RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been
established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations;
at _____, date 4-29-10 from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this
contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each
carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law,
whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | UNitED Pet | FROM: Shipper | G.A WiNtZeR |
| Street Destination | ELKhart, IN          Zip | Street Origin | WApAKONeta, OH          Zip |

Route

| Delivering Carrier  Mitchel | Vehicle Number  TR#508 | U.S. DOT Hazmat Reg. Number |

| Number and Type of Package | HM | Description of Articles | Total Quantity (this shipment if for delivery) | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| I/L | | POULTRY MEAL | | | |
| | | | Net | 50,300 | |
| | | 7.5 L 4-30-10 | | | |

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: | COD FEE: |
| Address: | | | Prepaid ☐ |
| City:          State:          Zip: | | $ | Collect ☐ $ |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____ | (Signature of Consignor) | TOTAL CHARGES: $ | FREIGHT CHARGES: Prepaid ☐   Collect ☐ |

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).
This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per

| SHIPPER: | CARRIER:  MITCHEL ENTERPRISES |
| PER: _____ DATE: _____ | PER: _____ DATE: 4-29-10 |

EMERGENCY RESPONSE
TELEPHONE NUMBER:    (     )

Monitored at all times the Hazardous Material is in transportation
including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

1

UPF001717

# TERMS AND CONDITIONS

© Copyright 2004 J.J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been allocated upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense, if following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

UPF001718

Phone 419-739-4900 or 800-331-1801

# G. A. WINTZER & SON CO.
### WAPAKONETA, OHIO 45895

**TRUCKER**

Weight Ticket No. **77069**

Date _____

508509  Scale 10 05/31/2010 12:00 PM

GSS    27900 lb 115/38

508509  Scale 10 05/31/2010 0:100

GSS    78300 lb

RE     27900 lb ACCUMULATED

T      50300 lb

Name __United Pet__

Driver _____ ON _____ OFF _____ Scale _____

Commodity _____

Contract No. _____  P.O. No. __NA__

Factory Ticket No. _____

Hauled By _____

Truck/Trailer No. _____

Gross Weighed By _____
                                          WEIGHMASTER

Tare Weighed By _____
                                          WEIGHMASTER

UPF001719

# THIS SHIPPING ORDER

must be legibly filled in, in ink, in indelible pencil, or in Carbon, and retained by the Agent

Shipper's No. _____

Carrier __MITCHEL ENTERPRISES - BLUFFTON, IN__ SCAC ____ Carrier's No. _TR L# 509_

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ , date _11-29-10_ from _____

the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | __United Pet__ | FROM: Shipper | __G.A Wintzer__ |
|---|---|---|---|
| Street Destination | __Elkhart, IN__    Zip | Street Origin | __Wapakoneta, OH__    Zip |

Route _____

| Delivering Carrier | __Mitchel__ | Vehicle Number | __TR# 508__ | U.S. DOT Hazmat Reg. Number | |

| Number and Type of Packages | HM | Description of Articles | Total Quantity (Weight or Volume) | Weight (Subject to Correction) | Class or Rate |
|---|---|---|---|---|---|
| T/L | | POULTRY MEAL | | | |
| | | | Net | 50,300 | |
| | | | | | |

*(signature)* 4-30-10

| Remit COD to: | | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: $ | COD FEE: Prepaid ☐ Collect ☐ $ |
|---|---|---|---|---|
| Address: | | | | |
| City:    State:    Zip: | | | TOTAL CHARGES: $ | FREIGHT CHARGES: Prepaid ☐  Collect ☐ |

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

_(Signature of Consignor)_

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| SHIPPER: | | CARRIER: __MITCHEL ENTERPRISES__ | |
|---|---|---|---|
| PER: _____ | DATE: _____ | PER: _(signature)_ | DATE: _4-29-10_ |

EMERGENCY RESPONSE TELEPHONE NUMBER: ( )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  469
(Rev. 1/07)

2

☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001720

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. All the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*

Phone: (260) 353-1050

## Invoice

Invoice Number:
**32267**
Invoice Date:
May 27, 2010
Page:
1

*Sold To:* UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

*Ship To:*
705—OSCEOLA, IN

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | MEC 4495 | Net 10 Days | |
| Sales Rep ID | Shipping | Ship Date | Due |
| IN | TRK/JOHN | May 18, 2010 | Jun 6, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 838.00 | 705 | WHEAT SCREENINGS | $2.97 | $2488.86 |
| | | 50,280# 5/18/10 | 99.— | |
| | | PRICE BASIS $1.71 UNDER CBOT CBOT=$4.68 | | |

Check No:

| | |
|---|---|
| *Total Invoice Amount* | $2,488.86 |
| *Payment Received* | 0.00 |
| *TOTAL* | $2,488.86 |

pd 6-10-10
# 56416

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

## THIS SHIPPING ORDER

Carrier

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ date _____ from _____

The Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO:<br>Consignee | United Vet. | FROM:<br>Shipper | |
| --- | --- | --- | --- |
| Street | | Street | Bueffelt Ga |
| Destination | Zip | Origin | Zip |

Route _____

| Delivering Carrier | | Vehicle<br>Number | U.S. DOT Hazmat<br>Reg. Number |
| --- | --- | --- | --- |

| Number and Type<br>of Packages | HM | Description of Articles | Total Quantity | Weight<br>(Subject to Correction) | Class or<br>Rate |
| --- | --- | --- | --- | --- | --- |
| | | Wheat Berries | | 80,360 | |
| | | | | 30,060 | |
| | | | | 50,260 | |

| Remit COD to: | | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT:<br>$ | COD FEE:<br>Prepaid ☐<br>Collect ☐ $ |
| --- | --- | --- | --- | --- |
| Address: | | | | |
| City: | State: Zip: | | TOTAL CHARGES:<br>$ | FREIGHT CHARGES:<br>☐ Prepaid ☐ Collect |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ ___ Per ___ | | (Signature of Consignor) | | |

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per

| SHIPPER: | | CARRIER: MITCHEL ENTERPRISES | |
| --- | --- | --- | --- |
| PER: | DATE: | PER: | DATE: |

EMERGENCY RESPONSE
TELEPHONE NUMBER: (    )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

2    Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001723

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier taxing this bill of lading within nine months after delivery of the Property or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted property in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for, and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being recognized or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

UPF001724

(Uniform Domestic Straigh-
Classification territories, N
ng, adopted by Carriers in Official, Sothern and Western
2, as amended August 1, 1930 and June 15, 1941.)

**Short Form IGHT BILL OF LADING**

(Prescribed by the ...arstate Commerce Commission)

| | | |
|---|---|---|
| **Shipper's No.** | | **13396** |
| **Agent's No.** | | |

## ORIGINAL - NOT NEGOTIABLE

Name of Carrier:: Mitchel

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading.

**AT AUGUSTA, MICH.**    **05/18/10**      **FROM KNAPPEN MILLING COMPANY**

ther property described below, in apparent good order, except as noted (contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, which said company (the word company being understood throughout the contract as meaning any person or corporation in possession of the property under contract) agrees to carry to its usual place of delivery at said destination, if on its own route or its own water line, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, which are hereby agreed to by the shipper and accepted for himself and his assigns.

(Mail or Street Address of Consignee - For Purposes of Notification Only)

Consigned to: Mitchel Enterprises Corp.        2529 E. 150 N

Destination: Bluffton, IN 46714

Delivering Carrier:   Mitchel      Car of Veh. Initial: _____ .   No.: \_\_\_\_\_

| QTY UNIT of MEASURE | DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | WEIGHT | |
|---|---|---|---|
| Truckload | Wheat Screenings | 60,280 | Subject to Section 7 of conditions. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: |
| | **To Arrive 5/18/2010** | | The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.8 |
| | | | (Signature of Consignor.) |
| | | | If charges are to be prepaid, write or stamp here, "To Be Prepaid." |
| | | | **Customer Pick Up** |
| | | | **This shipment is correctly described** |
| | | | Correct weight is _____ lbs. |
| | **Contract #:** | | Subject to verification by |
| | | | Merchants Dispatch Transportation Corporation Division of Weighting and Inspections According to Agreement No. 387 |
| | | | Received $_____ to apply in prepayment of the charges on the property described herein. |
| | | | Agent or Cashier |
| | | | Per _____ (The signature here acknowledge only the amount prepaid) |

"If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."

Note — Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____per_____

Charges Advanced:

$_____

| C.O.D. SHIPMENT | |
|---|---|
| C.O.D. Aml. | |
| Collection Fee | |
| Total Charges | |

KNAPPEN MILLING COMPANY, Shipper \_\_\_\_\_ Mitchel \_\_\_\_\_ Agent

Per: Brandy _____ Per: _____

Permanent post-office address of shipper AUGUSTA, MICHIGAN 49012

UPF001725

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*
*Phone: (260) 353-1050*

## Invoice

Invoice Number:
**32565**
Invoice Date:
**Jun 14, 2010**
Page:
1

*Sold To:* UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

*Ship To:*
705---OSCEOLA, IN

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | MEC 4495 | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/JOHN | Jun 1, 2010 | Jun 24, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 818.00 | 705 | WHEAT SCREENINGS | $2.80 | $2290.40 |
| | | 49,080# 6/01/10 | | |
| | | 24.54 | 93.33 | |
| | | PRICE BASIS $1.71 UNDER CBOT | | |
| | | CBOT=$4.51 | | |

2,290.40 D° C
511. +
2,802.71 ‡

$2 6/24/10
#56465

Check No:

| | |
|---|---|
| *Total Invoice Amount* | $2,290.40 |
| *Payment Received* | 0.00 |
| **TOTAL** | $2,290.40 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001726

# KNAPPEN MILLING COMPANY
## Augusta, Michigan 49012

DATE _6-1-10_

CUSTOMERS NAME _Mitchel_

ADDRESS _____

COMMODITY _Screenings_

Truck ID    008
Gross Wt:    78290 lb
Tare Weight:    29300 lb
Net Weight:    49080 lb

01 Jun 2010 07:21:53

TRAILER NO. _200 A_

P.O. NO. _____

RELEASE NO. _____

LOAD NO. _____

_____

_____

CARRIER _Mitchel_

WEIGHER _____ TIME IN _BC_ TIME OUT _BC._

UPF001727

**THIS SHIPPING ORDER** must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent

Shipper's No. _____

Carrier __MITCHEL ENTERPRISES - BLUFFTON, IN__ SCAC _____ Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations;

at _____ date _____ _____ from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | Un ted pr' | | FROM: Shipper | M k (16.  w |
|---|---|---|---|---|
| Street Destination | 3/11.11? In | Zip | Street Origin | Bluffton IN |  Zip |

Route _____

Delivering Carrier _mi  7c//2 L_   Vehicle Number _lot      7 un'_   U.S. DOT Hazmat Reg. Number _____

| Number and Type of Packages | HM | Description of Articles | Total Quantity (Mass/Volume, Govt/EA/etc) | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 | | Latest  5   i  v | 7 8 7 | | |
| | | | 56 . | | |
| | | | 24/ | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. (Signature of Consignor) | **COD AMT:** $ | **COD FEE:** |
|---|---|---|---|
| Address: | | | Prepaid ☐ |
| City: State: Zip: | | | Collect ☐ $ |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $_____ Per _____ | | **TOTAL CHARGES:** $ | **FREIGHT CHARGES:** ☐ Prepaid ☐ Collect |

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per

| SHIPPER: | CARRIER: MITCHEL ENTERPRISES |
|---|---|
| PER: DATE: | PER: _____ _____ DATE: 5 . ' . ' |

EMERGENCY RESPONSE TELEPHONE NUMBER: (    )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3 489 (Rev. 1/07)

2   ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001728

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it refuses to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense, if following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable for any loss of any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or this bill of lading disability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

UPF001729

# Mitchel Enterprises Corp

2529 E 150 N
*Bluffton, IN 46714*

Phone: (260) 353-1050

*Invoice*
Invoice Number:
**32659**
Invoice Date:
**Jun 17, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:**
*FRT-PoultMl-Wapakoneta,Oh-Osc

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| Sales Rep ID | Shipping | Ship Date | Due |
| IN | TRK/GERRY | Jun 10, 2010 | Jun 27, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 25.63 | FRT | FREIGHT: POULTRY MEAL G. A. WINTZER, Wapokoneta, Oh LD#C86698 TKT#85682 51,260# to UNITED PET | $16.50 | $422.90 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $88.81 | $88.81 |

**Check No:**

| | |
|---|---|
| **Total Invoice Amount** | $511.71 |
| **Payment Received** | 0.00 |
| **TOTAL** | $511.71 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001730

Phone 419-739-4900 or 800-331-1801

# G. A. WINTZER & SON CO.
WAPAKONETA, OHIO 45895

**TRUCKER**

Weight Ticket No. _____

Date _____

Name _____

Driver ___ ON ___ OFF ___ Scale

Commodity _____

Contract No. _____ P.O. No. _____

Factory Ticket No. _____

Hauled By _____

Truck/Trailer No. _____

Gross Weighed By _____ WEIGHMASTER

Tare Weighed By _____ WEIGHMASTER

---

## STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE

Shipper's No. _____

Carrier **MITCHEL ENTERPRISES - BLUFFTON, IN** SCAC _____ Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations;

at _____, date **06-09-10** from _____

the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said property over all or any portion of said route to destination and as to each party at any time interested in all or any of said property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| | |
|---|---|
| **TO:** Consignee | UNITED PET CARE |
| Street Destination | OSCOLA, Ind Zip |

| | |
|---|---|
| **FROM:** Shipper | WINDZER |
| Street Origin | WAPAKONETA, OH. Zip |

Route LAST LOAD CAL.

Delivering Carrier SCH LEMMIER FARMS   Vehicle Number 106/5F26   U.S. DOT Hazmat Reg. Number _____

| Number and Type of Packages | HM | Description of Articles | Total Quantity (or bulk/lbs.) | Weight (Subject to Correction) | Class or Rate |
|---|---|---|---|---|---|
| 1½ | | POULTRY MEAL | 25.63 | 51260 | |
| | | # | | | |

| | |
|---|---|
| Remit COD to: | |
| Address: | |
| City: State: Zip: | |

**COD AMT:** $ _____

**COD FEE:**
Prepaid ☐
Collect ☐ $

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

**TOTAL CHARGES:** $ _____

**FREIGHT CHARGES:**
☐ Prepaid ☐ Collect

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| | |
|---|---|
| SHIPPER: _____ | CARRIER: MITCHEL ENTERPRISES 800-525-4202 |
| PER: _____ DATE: _____ | PER: _____ DATE: 06-10-10 |

EMERGENCY RESPONSE TELEPHONE NUMBER: ( )

Monitored at all times while hazardous material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3 489 (Rev. 1/07)

1

UPF001731

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you, to all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(a) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and marketing the Property. If proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing on the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being misclassified or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all of the exemptions from liability contained in the Harter Act or the Carriage of Goods by Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

# THIS SHIPPING ORDER must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent

Shipper's No. _____

Carrier  MITCHEL ENTERPRISES - BLUFFTON, IN   SCAC _____  Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ date  06-09-10  from _____

The Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown, marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | UNITED PET CARE | FROM: Shipper | WINDZER |
| Street Destination | OSCEOLA, Ind Zip | Street Origin | WAPAKONETA, OH. Zip |

Route  LAST LOAD    CAL.

Delivering Carrier  SCHLPAMRK  FARMS   Vehicle Number 106/SF26   U.S. DOT Hazmat Reg. Number _____

| Number and Type of Packages | HM | Description of Articles | Total Quantity (Pieces or Metric) | Weight (Subject to Correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 ½ | | POULTRY MEAL | 25.63 | 51260 | |
| | | # | | | |

Jeff L

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement. The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: $ | COD FEE: Prepaid ☐ Collect ☐ $ |
| Address: | | | |
| City:          State:          Zip: | | TOTAL CHARGES: $ | FREIGHT CHARGES: Prepaid ☐ Collect ☐ |

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

(Signature of Consignor)

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| SHIPPER: _____ | CARRIER: MITCHEL ENTERPRISES  800-523-4200 |
| PER: _____  DATE: _____ | PER: _____  DATE: 06-10-10 |

EMERGENCY RESPONSE TELEPHONE NUMBER: (   )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3 489
(Rev. 1/07)

2    Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001733

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of the bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

    (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

    (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

    (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which this rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(a) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains undelivered, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense. If following payment of the preceding there to a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss of or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically listed in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability. In or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

# *Mitchel Enterprises Corp*

*2529 E 150 N*
*Bluffton, IN 46714*

*Phone: (260) 353-1050*

*Invoice*
Invoice Number:
**32818**
Invoice Date:
**Jun 28, 2010**
Page:
1

**Sold To:** UNTDPET23
   UNITED PET
   PO BOX 250
   OSCEOLA, IN 46561

**Ship To:**
705---OSCEOLA, IN

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | MEC 4495 | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/AIRGOOD | Jun 18, 2010 | Jul 8, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 857.00 | 705 | WHEAT SCREENINGS | $2.91 | $2493.87 |
| | | 51,420# 6/18/10 | | |
| | | PRICE BASIS $1.71 UNDER CBOT CBOT=$4.62 | | |

*pd 6-30-10*
*# 56493*

```
                          0. C
                             0
                     2,493.87 +
                      884.94 +

               498.53 +
             2,315.71 ✓+
            5,003.05 *
```

**Check No:**

| | |
|---|---|
| **Total Invoice Amount** | $2,493.87 |
| **Payment Received** | 0.00 |
| **TOTAL** | $2,493.87 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*
*Phone: (260) 353-1050*

### Invoice

Invoice Number:
**32787**
Invoice Date:
**Jun 24, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:**
*FRT-PoultMl-Wapakoneta,Oh-Osc

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/RON | Jun 17, 2010 | Jul 4, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 24.79 | FRT | FREIGHT: POULTRY MEAL<br>G. A. WINTZER, Wapakoneta, Oh<br>LD#C86770 TKT#72254 49,580#<br>to UNITED PET | $16.50 | $409.04 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $85.90 | $85.90 |

**Check No:**

| | |
|---|---|
| **Total Invoice Amount** | $494.94 |
| **Payment Received** | 0.00 |
| **TOTAL** | $494.94 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001736

# STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE

Shipper's No. __86770__

Carrier: MITCHEL ENTERPRISES - BLUFFTON, IN    SCAC ____    Carrier's No. ____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations:

at ____ , date ____ from ____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO:<br>Consignee<br>Street<br>Destination | UNITEOPET<br>OSCEOLA IN<br>Zip | FROM:<br>Shipper<br>Street<br>Origin | GA WINTZER<br>WAPAKONETA OH<br>MITCHEL    Zip |
|---|---|---|---|

Route ____ SCHlemmer Farms

Delivering Carrier ____    Vehicle Number 187-25    U.S. DOT Hazmat Reg. Number ____

| Number and Type of Packages | HM | Description of Articles | Total Quantity (used by carrier) (e.g., cubic feet) | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 | | BOXO POULTRY MEAT | | 49580 LBS | |
| | | | | | 87 |

| Remit COD to:<br>Address:<br>City:   State:   Zip: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:<br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br>_____ (Signature of Consignor) | COD AMT:<br>$ | COD FEE:<br>Prepaid ☐<br>Collect ☐ $ |
|---|---|---|---|
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ ____ Per ____ | | TOTAL CHARGES:<br>$ | FREIGHT CHARGES:<br>☐ Prepaid ☐ Collect |

NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per ____

| SHIPPER:<br>PER: ____ DATE: 6-18-10 | CARRIER: MITCHEL ENTERPRISES<br>PER: ____ DATE: ____ |
|---|---|

EMERGENCY RESPONSE
TELEPHONE NUMBER: ( )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

1

UPF001737

UPF001738

# TERMS AND CONDITIONS

By giving this carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

  (a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

  (b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

    (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you under the owner of the Property, or for natural shrinkage.

    (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

    (iii) resulting from a defect or vice in the Property, or from riots or strikes.

  (c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you, in all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

  (a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

  (b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

  (a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time is to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

  (b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

  (c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

  (d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

  (e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property. If proper care of the same requires special expense, if following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

  (f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

  (a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

  (b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

  (a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

  (b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the, Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

Phone 419-739-4900 or 800-331-1801

# G. A. WINTZER & SON CO.    TRUCKER
WAPAKONETA, OHIO 45895

Date 6·17·10

Name *United Pots*

Driver    ON    **OFF**    Scale

Commodity *Poultry Meals*

Contract No. _____ P.O. No. _____

Factory Ticket No. *C86770*

10725   Scale #3 05/17/2010 09:42PM

GS    29300 lb GROSS

10725   Scale #3 05/17/2010 09:42PM

GS   77880 lb

RE   29300 lb GROSS

T    49580 lb

Hauled By *Wintzer*

Truck/Trailer No. *167·75*

Gross Weighed By *E. Hershberg*          WEIGHMASTER

Tare Weighed By *E. Hershberg*          WEIGHMASTER

SHIPPING ORDER

Shipper's No. _____

Carrier: MITCHEL ENTERPRISES - BLUFFTON, IN    SCAC _____    Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable; otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ date _____ from _____

| To: Consignee Street Destination | UNITSOP&t OSCEOLA TN    Zip | FROM: Shipper Street Origin | G A WINTZER WARRA KONSTA ON MITCHEL    Zip |

Route: _____

Delivering Carrier: SCHLemmCO Farms    Vehicle Number 167-25    U.S. DOT Hazmat Reg. Number

| Number and Type of Packages | HM | Description of Articles | Total Quantity (Gross Volume or Dry Weight) | Weight (Subject to Correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 | | 4000 Poultry MEAT | | 49,580 LBS | |

Remit COD to:
Address:
City: _____ State: _____ Zip: _____

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ (Signature of Consignor)

COD AMT:    COD FEE:
Prepaid ☐
Collect ☐ $

TOTAL CHARGES:    FREIGHT CHARGES:
$ _____    ☐ Prepaid ☐ Collect

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

SHIPPER: _____    CARRIER: MITCHEL ENTERPRISES
PER: _____ DATE: 6-18-10    PER: _____ DATE: _____

EMERGENCY RESPONSE TELEPHONE NUMBER: ( )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

2

☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001740

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

  (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

  (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

  (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property to the extent that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically noted in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, every owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being misconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or its agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

UPF001741

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*
*Phone: (260) 353-1050*

## Invoice

Invoice Number:
**32770**
Invoice Date:
**Jun 23, 2010**
Page:
**1**

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

574-674-5981

**Ship To:**
*FRT-PoultMl-Wapakoneta,Oh-Osc

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| Sales Rep ID | Shipping | Ship Date | Due |
| IN | TRK/DALE | Jun 15, 2010 | Jul 3, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 24.97 | FRT | FREIGHT: POULTRY MEAL G. A. WINTZER, Wapokoneta, Oh LD#86733 TKT#85722 49,940# to UNITED PET | $16.50 | $412.01 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $86.52 | $86.52 |

Check No:

| | |
|---|---|
| Total Invoice Amount | $498.53 |
| Payment Received | 0.00 |
| TOTAL | $498.53 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001742

**THIS MEMORANDUM** is an acknowledgement that a bill of lading has been issued and is not the Original Bill of Lading, not a copy or duplicate, covering the property named herein, and is not intended only for filing or record.

Shipper's No. 85102

Carrier: MITCHEL ENTERPRISES - BLUFFTON, IN

Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ date 6-15-10 from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | United Pet | FROM: Shipper | G A Winter Son |
| Street Destination | Elkhart IN      Zip | Street Origin | Waapakoneta OH      Zip |

Route _____

| Delivering Carrier | HUMAN TRUCKING | Vehicle Number | 15 TRL 67 TR | U.D. DOT Hazmat Reg. Number |

| Number and Type of Packages | HM | Description of Articles | Total Quantity (loads or no. of units) | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| 1 - T/L | | Corn Strip Meal | | 47,440 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Remit COD to:
Address:
City: _____ State: _____ Zip: _____

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ (Signature of Consignor)

COD AMT: $ _____

COD FEE:
Prepaid ☐
Collect ☐ $

TOTAL CHARGES: $ _____

FREIGHT CHARGES:
☐ Prepaid   ☐ Collect

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per _____

| SHIPPER: _____ | CARRIER: MITCHEL ENTERPRISES |
| PER: _____ DATE: _____ | PER: _____ DATE: 6-15-10 |

EMERGENCY RESPONSE
TELEPHONE NUMBER: _____

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

③

UPF001743

UPP0017'44

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

  (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

  (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

  (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed). All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed. As the case may be, and that it will be subject to sale under the terms of this bill of lading if you do not arrange for an alternative disposition.

If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(c) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an exporter, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and conditions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

**THIS SHIPPING ORDER** must be legibly filled in, in Ink, in Indelible Pencil, or in Carbon, and retained by the Agent

Shipper's No. 85722

Carrier - MITCHEL ENTERPRISES - BLUFFTON, IN    SCAC ___    Carrier's No. ___

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at ___ , date 6-15-10 from ___

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property and every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee Street Destination | United Pet  Elkart IN.  Zip | FROM: Shipper Street Origin | G.A. Wintzer + Son  Wapakonta OH.  Zip |

Route

| Delivering Carrier | HOMAN  TRUCKING | Vehicle Number | 15 TRK. 69 TRL | U.S. DOT Permit (Inc. Number |

| Number Type of Packages | HM | Description of Articles | Total Quantity (Cu.in/Wt) | Weight (sub to cor) | Class or Rate |
|---|---|---|---|---|---|
| 1 - Trl/lb | | Poultry Meal | 49,940 | | |

| Remit COD to: Address: City:          State:          Zip: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. _____ (Signature of Consignor) | COD AMT: $ | COD FEE: Prepaid ☐ Collect ☐ $ |
| | | TOTAL CHARGES: $ | FREIGHT CHARGES: ☐ Prepaid ☐ Collect |

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ ___ Per ___

NOTE: Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per

| SHIPPER: PER: ___          DATE: ___ | CARRIER: MITCHEL ENTERPRISES PER: Dale Homan          DATE: 6-15-10 |

EMERGENCY RESPONSE TELEPHONE NUMBER:    (    ).

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

2    ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001745

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(c) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If returning payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regular appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13708.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

Phone 419-732-4900 or 800-331-1801

# G. A. WINTZER & SON CO.
## WAPAKONETA, OHIO 45895

TRUCKER

Weight Ticket No. **85722**

Date _6-15-10_

7569  Scale #1 ...........

68  22300 lb ...........

7503  Scale #1 ...........

085  79300 #

DE  20300 lb ...........

T  49040 #

Name _United Pet_

Driver ( ON )  OFF  Scale

Commodity _Pac. Trip meal_

Contract No. _____ P.O. No. _____

Factory Ticket No. _86733_

Hauled By _Homan Trucking_

Truck/Trailer No. _75-64_

Gross Weighed By _Chad Fisher_  WEIGHMASTER

Tare Weighed By _____ g_  WEIGHMASTER

UPF001747

Shipper's No. 2219

Carrier's Name: Airgood Trucking, Inc.                    Carrier's No.

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of lading.

at Bluffton, IN (Date) 5/11/10 FROM Mitchel Enterprise Corp.

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as shown below, which said company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its own railroad, water line, highway route or route, or within the territory of its highway operations, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail or rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

(Mail or street address for purposes of notification only.)

Consigned TO United Pet

On Collect on Delivery Shipments, the letters "COD" must appear before consignee's name or as otherwise provided in Item 430, Sec. 1.

Destination _____ Street Elkhart _____ City

_____ County Indiana State _____ Zip

Route _____ Delivery Address★

(∗To be filled in only when shipper desires and governing tariffs provide for delivery thereof.)

Delivering Carrier _____ Car or Vehicle Initials and No. _____

Collect on Delivery $ _____ And Remit to _____

Street City State

| No. Packages | H.M. | Kind of Package, Description of Articles, Special Marks, and Exceptions | *Weight (Subject to Correction) | Class or Rate | Check Column |
|---|---|---|---|---|---|
| | | Wheat | | | |
| | | | 77740 | | |
| | | | 26280 | | |
| | | | 51460 | | |

∗If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is a carrier's or shipper's weight.
NOTE—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____

Mitchel Enterprise Corp. Shipper, Per _____

Permanent post-office address of shipper, Bluffton, IN

Subject to Section 7 of conditions. If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ (Signature of consignor)

C. O. D. Charges to be Paid by ☐ Shipper ☐ Consignee

If charges are to be prepaid, write or stamp here, "To be Prepaid."

Received $ _____ to apply in prepayment of the charges on the property described hereon.

_____ Agent or Cashier

Per _____
(The signature here acknowledges only the amount prepaid.)

Charges Advanced:

$ _____

† The fibre containers used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Rule 41 of the Uniform Freight Classification and Rule 5 of the National Motor Freight Classification.
‡Shipper's imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

2

# Mitchel Enterprises Corp

*2529 E 150 N*
*Bluffton, IN 46714*
Phone: (260) 353-1050

**Invoice**
Invoice Number:
**32617**
Invoice Date:
**Jun 16, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:**
705—OSCEOLA, IN

574-674-5981

| Customer ID | Customer PO | | Payment Terms | |
|---|---|---|---|---|
| UNTDPET23 | MEC 4495 | | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | | **Ship Date** | **Due** |
| IN | TRK/AIRGOOD | | Jun 11, 2010 | Jun 26, 2010 |
| **Quantity** | **Item** | **Description** | **Unit Price** | **Extension** |
| 857.67 | 705 | WHEAT SCREENINGS | $2.70 | $2315.71 |
| | | 51,460# 6/11/10 | | |
| | | PRICE BASIS $1.71 UNDER CBOT CBOT=$4.41 | | |

**Check No:**

| | |
|---|---|
| **Total Invoice Amount** | $2,315.71 |
| **Payment Received** | 0.00 |
| **TOTAL** | $2,315.71 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

UPF001749

UPF001750

# Mitchel Enterprises Corp

**2529 E 150 N**
**Bluffton, IN 46714**

Phone: (260) 353-1050

## Invoice

Invoice Number:
**32894**
Invoice Date:
**Jun 30, 2010**
Page:
1

**Sold To:** UNTDPET23
UNITED PET
PO BOX 250
OSCEOLA, IN 46561

**Ship To:**
\*FRT-PoultMl-Wapakoneta,Oh-Osc

574-674-5981

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| UNTDPET23 | LT | Net 10 Days | |
| **Sales Rep ID** | **Shipping** | **Ship Date** | **Due** |
| IN | TRK/CHAD | Jun 23, 2010 | Jul 10, 2010 |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 25.26 | FRT | FREIGHT: POULTRY MEAL G. A. WINTER, Wapakoneta, Oh LD#80805 TKT#72288 50,520# to UNITED PET | $16.50 | $416.79 |
| 1.00 | FRT | 21% FUEL SURCHARGE | $87.53 | $87.53 |

*pd 7-8-10*
*# 56513*

```
             0•  C
2,504•32  ‡
2,477•59  ‡
2,981•91  *
```

**Check No:**

| | |
|---|---|
| **Total Invoice Amount** | $504.32 |
| **Payment Received** | 0.00 |
| **TOTAL** | $504.32 |

A finance charge equal to 1 1/2 % per month (18% APR) will be charged on all invoices more than 30 days past due.

STRAIGHT BILL OF LADING – ORIGINAL – NOT NEGOTIABLE

Shipper's No. _____

Carrier  MITCHEL ENTERPRISES - BLUFFTON, IN  SC..C        Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations.

at _____ , date  1-23-2010  from _____

the Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its route, or otherwise to deliver to another carrier on the route to said destination, it is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: Consignee | United Pet Food | FROM: Shipper | G.A. Wintzer |
|---|---|---|---|
| Street Destination | Elkart  FU        Zip | Street Origin | Wapakoneta  OH   Zip |

Route  Las I Load  Distiller

Delivering Carrier  Schmmel        Vehicle Number  Ia 2./SF 24        U.S. DOT Hazmat Reg. Number

| Number and Type of Package | HM | Description of Articles | Total Quantity (weight if applicable) | Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| 1/1 | | poultry meal | 50,520 | | |

Remit COD to:
Address:
City: _____ State: _____ Zip: _____

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ (Signature of Consignor)

COD AMT: $ _____

TOTAL CHARGES: $ _____

COD FEE:
Prepaid ☐
Collect ☐ $

FREIGHT CHARGES:
☐ Prepaid   ☐ Collect

NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.  Per _____

SHIPPER: _____        CARRIER:  MITCHEL ENTERPRISES
PER: _____  DATE: _____      PER: _____  DATE: _____

EMERGENCY RESPONSE
TELEPHONE NUMBER:  (     )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  469
(Rev. 1/07)

1

UPF001751

UPF001752

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

**Section 1 Limitations of Liability**

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

**Section 2 Filing of Claims**

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

**Section 3 Method of Transportation**

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

**Section 4 Responsibility for Property**

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(a) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

© Copyright 2004 J.J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

**Section 5 Valuable Items**

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the stated value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

**Section 6 Joint Liability for Hazardous Goods**

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

**Section 7 Freight Charges and Payment**

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

**Section 8 Effect of Shipper Signature**

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

**Section 9 Transport by Water**

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

Phone 419-73--900 or 800-331-1801

# G. A. WINTZER & SON CO.

WAPAKONETA, OHIO 45895

**TRUCKER**

UPF001753

Weight Ticket No. 72288

Date _June 23 2016_

Name _United Pet Food_

Driver (ON) OFF Scale

Commodity _Poultry meal_

Contract No. _____ P.O. No. _____

Factory Ticket No. _86805_

Hauled By _Schlomer Farms_

Truck/Trailer No. _102_    _EV_

Gross Weighed By _Chad Fisher_    WEIGHMASTER

Tare Weighed By _Chad Fisher_    WEIGHMASTER

# THIS SHIPPING ORDER
must be legibly filled in, in ink, in indelible Pencil, or in Carbon, and retained by the Agent

Shipper's No. _____

Carrier  MITCHEL ENTERPRISES - BLUFFTON, IN  SCAC _____  Carrier's No. _____

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request; and all applicable state and federal regulations;

at _____ , date 6-23-2010 from _____

The Property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown, marked, consigned, and destined as indicated below which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to delivery at said destination, if on its own, or otherwise to deliver to another carrier on the route to said destination. It is mutually agreed as to each carrier of all or any of said Property over all or any portion of said route to destination and as to each party at any time interested in all or any of said Property that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether printed or written, herein contained, including the conditions on the back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

| TO: : United Pet Food | FROM: G.A. Wintzer |
|---|---|
| Consignee | Shipper |
| Street | Street |
| Destination Elkhart IN      Zip | Origin W. Packway ETA OL Zip |

Route  Westfield Distillery

Delivering Carrier  Schlemmer      Vehicle Number 1028F24      U.S. DOT Hazmat Reg. Number

| Number and Type of Packages | HM | Description of Articles | *From Quantity (level, Weight) | *Weight (subject to correction) | Class or Rate |
|---|---|---|---|---|---|
| T/k | | Poultry meal | | 50520 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Remit COD to: | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. | COD AMT: $ | COD FEE: Prepaid ☐ Collect ☐ $ |
|---|---|---|---|
| Address: | | | |
| City:        State:      Zip: | | TOTAL CHARGES: $ | FREIGHT CHARGES: ☐ Prepaid  ☐ Collect |
| NOTE: Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $ _____ Per _____ | (Signature of Consignor) | | |

NOTE: Liability limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation. Per

SHIPPER: _____  CARRIER: MITCHEL ENTERPRISES

PER: _____ DATE: _____  PER: _____ DATE: _____

EMERGENCY RESPONSE
TELEPHONE NUMBER:  (    )

Monitored at all times the Hazardous Material is in transportation including storage incidental to transportation (172.604).

10-BLS-A3  489
(Rev. 1/07)

2  ☞ Agent must detach and retain this Shipping Order and must sign the Original Bill of Lading.

UPF001754

UPF0017755

# TERMS AND CONDITIONS

By giving the carrier the property described in this bill of lading (the "Property"), you agree to all of the terms of this bill of lading.

## Section 1 Limitations of Liability

(a) The carrier or party in possession of the Property shall be liable as at common law for any loss of or damage to such Property, except as hereinafter provided.

(b) The carrier shall not be liable for loss of, damage to or delay in delivery of the Property:

   (i) caused by an act of God, the public enemy, the authority of law, or any act or default by you and/or the owner of the Property, or for natural shrinkage.

   (ii) occurring while the Property is stopped and held in transit at your request or that of any other party entitled to make such request.

   (iii) resulting from a defect or vice in the Property, or from riots or strikes.

(c) To the extent permitted under the Carmack Amendment, the liability of the carrier for the Property may be limited to a value established by written or electronic declaration by you or by written agreement between the carrier and you. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the Property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence.

## Section 2 Filing of Claims

(a) Claims against the carrier for loss of or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property (or, in case of export traffic, within nine months after delivery at port of export or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed. All causes of action must be instituted within two years following the date when written notice is given by the carrier to you that the carrier has disallowed the claim or any part or parts thereof specified in the notice. If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable, and such claims may not be paid.

(b) The carrier shall have the full benefit of any insurance that may have been effected upon or on account of the Property in the event that the carrier is liable for loss of or damage to the Property.

## Section 3 Method of Transportation

Except as expressly agreed in writing by the parties to this bill of lading, the carrier is not bound to transport the Property by any particular motor vehicle, or in time for any particular market or otherwise than with reasonable dispatch. The carrier shall have the right in case of physical necessity to forward said Property by any carrier or route between the point of shipment and the point of destination.

## Section 4 Responsibility for Property

(a) If the Property is not removed by the party entitled to receive it within the free time allowed by tariffs or classifications upon which the rate is based, (such free time to be computed as therein provided), the carrier may notify the receiving party of the arrival of the Property at the destination or at the port of export (if intended for export). The carrier, in its discretion, may store the Property in a public or licensed warehouse at the place of delivery or other available place, at the cost of the owner. The stored Property will be subject to a lien for all freight and other lawful charges, including a reasonable charge for storage. The carrier's responsibility shall be that of a warehouseman only.

(b) Except as provided in subparagraph 4(a) below, if the Property is refused by consignee or the party entitled to receive it, or said consignee or party entitled to receive it fails to receive it within 15 days after notice of arrival shall have been duly sent or given, the carrier may sell the Property at public auction to the highest bidder, at such place as may be designated by the carrier. Prior to any such sale, the carrier shall use commercially reasonable efforts to notify you that the Property has been refused or remains unclaimed, as the case may be, and that it will be subject to sale under the terms of the bill of lading if you do not arrange for an alternative disposition.

(c) If the Property is perishable and is refused by the consignee or party entitled to receive it at the destination location, or said consignee or party entitled to receive it shall fail to receive it promptly, the carrier, may, in its discretion, to prevent deterioration or further deterioration, sell the same to the best advantage at private or public sale. Prior to selling the Property, the carrier shall use commercially reasonable efforts to notify you of the refusal of the Property or the failure to receive it, and request instructions regarding disposition of the Property.

(d) If the procedure described in subsection (b) and (c) is not commercially reasonable, the carrier may, at its option, sell the Property under such circumstances and in such manner as may be authorized by law.

(e) The carrier shall apply the proceeds of any sale made under this section to the payment of freight, demurrage, storage, and any other lawful charges and the expense of notice, advertisement, sale, and other necessary expense and of caring for and maintaining the Property, if proper care of the same requires special expense. If following payment of the preceding there is a balance, such balance shall be paid to the owner of the Property sold hereunder.

(f) If you direct the carrier to deliver the Property to a location where there is no regularly appointed freight agent, the carrier shall not be liable for any loss or damage to Property occurring at such location after the Property has been unloaded at such location.

## Section 5 Valuable Items

(a) The carrier's liability in connection with the Property is limited to the lesser of the amount of your actual damages or the declared value stipulated by the carrier on the face of this bill of lading plus any freight charges paid by you.

(b) The carrier shall not be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically noted in the published classifications or tariffs unless a special agreement to do so and a stipulated value of the articles are endorsed on this bill of lading.

## Section 6 Joint Liability for Hazardous Goods

You, and if you are an agent, any owner of the Property, shall be joint and severally liable for and indemnify the carrier against all loss or damage caused by the shipment of explosives, dangerous or hazardous goods, without giving prior written notice to the carrier of their nature. At the discretion of the carrier, any such goods may be warehoused at your and the owner's risk and expense or destroyed without compensation.

## Section 7 Freight Charges and Payment

(a) You are primarily responsible for the freight and all other lawful charges, unless you stipulate in writing in the space provided for that purpose on the face of this bill of lading that the carrier shall not make delivery without requiring payment of such charges and the carrier makes delivery without requiring such payment. If you provide erroneous information that results in the shipment being reconsigned or diverted to a location other than the location identified in the original bill of lading, you shall be liable for such additional charges. The respective liability of you and the consignee for additional charges provided for herein shall be pursuant to 49 U.S.C. § 13706.

(b) Nothing in this bill of lading shall limit the right of the carrier to require the prepayment or guarantee of charges at time of shipment. If upon inspection the carrier determines that the articles shipped are not those described in this bill of lading, the freight charges must be paid upon the articles actually shipped.

## Section 8 Effect of Shipper Signature

If this bill of lading is issued on the order of the shipper, or his agent, in exchange or in substitution for another bill of lading, the shipper's signature to the prior bill of lading as to the statement of value or otherwise, or election of common law or bill of lading liability, in or in connection with such prior bill of lading, shall be considered a part of this bill of lading as fully as if the same were written or made in or in connection with this bill of lading.

## Section 9 Transport by Water

If all or any part of the Property is carried by water over any part of said route, and any loss of or damage to the Property occurs while it is in the custody of the carrier providing the water carriage, the liability of such carrier shall be determined by that carrier's bill of lading and by the laws and regulations applicable to transportation by water. Such water carriage shall be performed subject to all of the terms and provisions of, and all the exemptions from liability contained in the Harter Act or the Carriage of Goods By Sea Act, as applicable.

© Copyright 2004 J.J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States