AIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

National Feeds, Inc., et al.,                                   Case No. 3:12-CV-00900

    Plaintiffs

    v.                                                                **ORDER**

United Pet Foods, INC., et al.,

    Defendants

    This is a breach of contract case in which plaintiff National Feeds, Inc. (NFI), alleges defendant United Pet Foods, Inc. (UPF), produced and sold rancid mink and dog feed to the plaintiff, who then distributed the feed to its customers.

    Defendant has moved to dismiss for lack of personal jurisdiction and improper venue. (Doc. 101). For the following reasons, I deny defendant's motion.

**Background**

    In 2009, NFI's President, Edward Buschur, contacted UPF to discuss its ability to mill mink and dog feed for NFI.  Buschur visited UPF's facilities in Elkhart, Indiana, and asked UPF's plant manager if UPF would produce a test run of mink feed.  After the test run, Buscher drafted a proposed contract and faxed it to UPF.  UPF signed the contract in Indiana and returned it to NFI in Ohio.

    In February 2010, UPF produced its first batches of mink and dog feed for NFI.  NFI arranged to ship the feed from UPF's plant in Indiana to either a distribution center in Wisconsin

or directly to NFI's customers.  UPF was not responsible for shipping the feed and did not sell any feed to NFI's customers.

In June 2010, NFI's customers began reporting problems with the feed.  Mink farmers claimed the animals refused to eat the feed, while other farmers reported that animals died after eating it.

Testing confirmed that the feed contained high levels of peroxide, indicating that it was rancid and did not meet quality specifications.  The rancid feed caused farmers to lose upwards of whole mink herds, NFI to lose business, and NFI's insurer, plaintiff Midwestern Indemnity Company, to pay for the mink farmers' losses.

The plaintiffs filed this suit in April 2012, alleging breach of contract, negligence, strict liability, statutory product liability, breach of express and implied warranty, subrogation, and contribution and indemnity. (Doc. 1).

## Standard of Review

Fed. R. Civ. P. 12(b)(2) allows a defendant to contest the court's personal jurisdiction.

The ability to challenge personal jurisdiction is not indefinite and can be waived if not pled at the correct time. *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011).  To avoid waiver, a defendant must assert lack of personal jurisdiction in a responsive pleading.  Fed. R. Civ. P. 12(h)(1). Moreover, a defendant may waive an objection to personal jurisdiction by actively participating in the litigation of the case.  *Gerber,* 649 F.3d at 519; *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999).

## Discussion

UPF argues I should dismiss the case for lack of personal jurisdiction and improper venue. The company argues it did not transact any business in Ohio throughout its relationship

with NFI, and that it does not have sufficient minimum contact with Ohio to satisfy the Due Process Clause of the Fourteenth Amendment.

Plaintiffs contend that UPF has waived the defense of personal jurisdiction because UPF litigated the case on the merits for three years before seeking dismissal on jurisdictional grounds. Plaintiffs assert that UPF's conduct gave them reason to believe UPF intended to defend the case on its merits.

Parties that choose to litigate a case actively on the merits surrender the right to object to the lack of personal jurisdiction and improper venue. *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006). Courts have held that the purpose of Rule 12(h) is to eliminate unnecessary delays by requiring parties to raise most Rule 12 defenses before the court undertakes adjudication of issues on the merits. *Plunkett v. Valhalla Inv. Servs. Inc.*, 409 F. Supp. 2d 39, 41 (D. Mass. 2006); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990).

During the three years between filing and UPF's motion to dismiss there has been extensive discovery and considerable motion practice. UPF, moreover, entered a general appearance. By thus participating in the litigation for three years, UPF gave plaintiffs the reasonable impression that it would defend the case on the merits. I, in addition, expended considerable time tending to various matters as they arose, and did so on the expectation that I was to preside over the case until its completion.

Because UPF waited so long before seeking dismissal under Rule 12(b)(2), and because it has actively participated in the litigation, I conclude UPF waived its personal jurisdiction defense. *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 453, 459 (Fed. Cir. 2005).

By way of explanation for its delay, UPF claims that its counsel was unaware of the ability to contest personal jurisdiction until only a few weeks before filing the pending motion.

While UPF's counsel may only recently personally learned the names and addresses of all farmers who received tainted feed, it is undisputed that UPF itself had a nearly complete list of affected farmers as early as August 15, 2012. What it knew, its lawyer should have learned. Had UPF raised its jurisdictional challenge in a timely manner, it might have been well taken. But, at this point, given my investiture of time and effort and familiarity with a somewhat complex case, keeping the case here best serves the need to employ judicial resources economically and efficiently.

For the same reasons I also conclude UPF has waived the ability to contest the venue of this court. *See, Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 700 (6th Cir. 1978).

## Conclusion

It is, therefore,

ORDERED THAT: defendant's motion for lack of personal jurisdiction and improper venue (Doc. 101) be, and the same hereby is denied.

The Clerk shall forthwith set a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge